[Crim. No. 20595. Jan. 12, 1979.]

In re ARTURO LOPEZ ROJAS on Habeas Corpus.

## COUNSEL

Paul Halvonik and Quin Denvir, State Public Defenders, Charles M. Sevilla, Chief Assistant State Public Defender, and Allison B. Stein, Deputy State Public Defender, for Petitioner.

Rowan K. Klein as Amicus Curiae on behalf of Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow, Roger W. Boren and Elizabeth A. Baron, Deputy Attorneys General, for Respondent.

## OPINION

**RICHARDSON, J.—** The issue is whether Penal Code section 2900.5 entitles a criminal defendant to credit towards his sentence for a period of presentence time spent in custody, if during that same period the defendant was simultaneously serving a prison term for a prior unrelated offense. We conclude that it does not.

On January 4, 1972, defendant was convicted of manslaughter and sentenced to state prison. One year later, on January 23, 1973, a new information was filed charging defendant with an unrelated murder. It was alleged that defendant shot victim Galez on July 12, 1971, and that Galez died from his wounds on September 30, 1972.

On February 16, 1973, defendant was transferred from Soledad State Prison to Los Angeles County jail to await trial for the Galez murder.

During his stay in the county jail defendant remained in the constructive custody of the warden of Soledad Prison and continued to receive credit for the time against his manslaughter term (Pen. Code, § 2620). Defendant was subsequently tried and convicted of second degree murder for the Galez killing and on September 11, 1973, was sentenced to state prison for the term prescribed by law to run concurrently with his prior sentence for manslaughter.

Defendant remained in custody in county jail until the date of his sentencing and now seeks credit against his second degree murder sentence for the period from February 16 to September 11, 1973, a total of 207 days.

Penal Code section 2900.5, which provides for credit to be given for time spent in custody prior to commencement of sentence, reads in relevant part: "(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

The sole question is whether defendant is entitled to a credit against his second degree murder sentence for the 207 days he spent in county jail while awaiting trial and disposition of that charge when he would necessarily have served that 207-day period in state prison for the original manslaughter conviction and when he was already receiving credit for that period against his original conviction. We conclude that the proper interpretation of Penal Code section 2900.5 denies defendant the credit he seeks.

■ In engaging in statutory interpretation we are to accord words their usual, ordinary, and common sense meaning based on the language the Legislature used and the evident purpose for which the statute was adopted. (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 582 [146 Cal.Rptr. 859, 580 P.2d 274]; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322]; *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33].) ■ Defendant's chief semantic argument is that because subdivision (b) of section 2900.5 does not read "*exclusively* attributable to proceedings" he should be granted the credit he seeks. He is in error. Although the word "exclusively" does not appear, it is clearly provided that credit is to be given "only where" custody is related to the "same conduct for which the defendant has been convicted." The sensible inference is that a defendant is not to be given credit for time spent in

custody if during the same period he is already serving a term of incarceration.

■ The history of section 2900.5 points to the Legislature's intent. When this section was first enacted the original wording provided that all the days a defendant spent in jail from the date of arrest to the day on which sentence was imposed should be credited upon the defendant's sentence. The legislative purpose appears to have been to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts. (*In re Kapperman* (1974) 11 Cal.3d 542, 549 [114 Cal.Rptr. 97, 522 P.2d 657]; *In re Young* (1973) 32 Cal.App.3d 68, 75 [107 Cal.Rptr. 915]; *In re Jordan* (1975) 50 Cal.App.3d 155, 157-158 [123 Cal.Rptr. 268].)

Recognizing that defendants may be in pretrial custody in institutions other than "jails" for reasons other than indigency, the Legislature and the courts have extended subdivision (a) of the statute to include a broad range of custodial situations for which credit must be granted upon conviction. (Pen. Code, § 2900.5, subd. (a), amended by Stats. 1976, ch. 1045, § 2; Stats. 1978, ch. 304, § 1; *In re Watson* (1977) 19 Cal.3d 646, 652-653 [139 Cal.Rptr. 609, 566 P.2d 243]; *In re Kapperman, supra,* 11 Cal.3d 542, 549; *In re Jordan, supra,* 50 Cal.App.3d 155, 158.) While the application of the statute has been expanded in some respects by changes in subdivision (a), the language used by the Legislature in expressing its objective in subdivision (b) has remained virtually identical to the original version. ■ As we noted in *In re Watson, supra,* 19 Cal.3d 646, 651 "[section 2900.5] pertains to the *pretrial* incarceration of a person charged with crime but not yet tried much less convicted, and therefore clothed with the presumption of innocence. . . . [¶] The crucial element of the statute is not where or under what conditions the defendant has been deprived of his liberty but rather whether the custody to which he has been subjected 'is attributable to charges arising from the same criminal act or acts for which the defendant has been convicted.' (§ 2900.5, subd. (b).)" (Italics in original, p. 651.)

There is no reason in law or logic to extend the protection intended to be afforded one merely *charged* with a crime to one already incarcerated and serving his sentence for a first offense who is then charged with a *second* crime. As to the latter individual the deprivation of liberty for which he seeks credit cannot be attributed to the second offense. Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty.

The cases upon which defendant relies are, as closer analysis reveals, consistent with the foregoing interpretation of section 2900.5. In *In re Bentley* (1974) 43 Cal.App.3d 988 [118 Cal.Rptr. 452], the defendant was on parole pursuant to a prior narcotics conviction when he was arrested for robbery. It was the new charge which caused his loss of physical freedom and thus the time in custody for which he sought credit was based on the same conduct for which he was convicted, the robbery charge. A literal interpretation of section 2900.5 would have allowed Bentley his credit under those facts. In an unnecessary semantic exercise, however, the Court of Appeal opined that it was obliged to give credit because "subsection [2900.5] does not say 'attributable *exclusively* to charges arising,' etc." (p. 992, italics in original) and thereby injected a nonexistent ambiguity into the statute. There is no reason to conclude that the Legislature, by amending section 2900.5 in some respects in 1976 and 1978 without adding the word "exclusively" to subdivision (b) or making some other equivalent modification, acquiesced in the interpretation set forth earlier in *Bentley.* The *Bentley* result was correct under a literal reading of section 2900.5 and no statutory revision was compelled.

More recent cases have adopted the questionable reasoning of *Bentley* and have applied it to less favorable factual situations, thereby reaching results which do not appear to have been intended by the drafters of section 2900.5. Thus in *In re Pollock* (1978) 80 Cal.App.3d 779 [145 Cal.Rptr. 833], section 2900.5 was interpreted "to provide that a defendant is entitled to receive credit upon a prison sentence for time spent in jail awaiting disposition of the criminal proceedings resulting in that sentence even though during that same period of jail time the defendant is serving a prison sentence on another conviction." (P. 783.) ▆▆ As we have indicated, this holding is incorrect and to the extent that *Bentley* and *Pollock* are in conflict with interpretation set forth today they are expressly disapproved.

Reviewing the specific facts before us, we conclude that defendant was not deprived of his liberty as a result of the conduct which resulted in his conviction of second degree murder in September 1973. His incarceration was due to his previous conviction of manslaughter in January 1972.

The petition for writ of habeas corpus is denied.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.

Petitioner's application for a rehearing was denied February 28, 1979, and the opinion was modified to read as printed above.