[No. A025978. First Dist., Div. Three. Oct. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC WILLIAM JOYNER, Defendant and Appellant.

[No. A027430. First Dist., Div. Three. Oct. 30, 1984.]

In re ERIC WILLIAM JOYNER on Habeas Corpus.

COUNSEL

Leland Nerio, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

ANDERSON, J.—This is an appeal from a conviction for grand theft (Pen. Code,[1] §§ 484-487) and armed robbery (§§ 211, 12022, subd. (a)) and a related petition for writ of habeas corpus.

On January 2, 1982, defendant, Eric William Joyner (appellant), was involved in an armed robbery at the Big Steer Restaurant in Sunnyvale, California. Subsequently, on November 20, 1982, appellant committed grand theft by taking the cash receipts from a Shell gas station in Mountain View, California. On January 5, 1983, California issued arrest warrants for both armed robbery and grand theft.

Appellant fled to Florida and while there, he committed burglary, grand theft and violated his Florida probation. On March 15, 1983, appellant was arrested in Florida for the crimes committed in that state and subsequently he was also placed on a California warrant hold. On July 19, 1983, judgment of the Florida conviction for burglary and grand theft and sentence of three years in the Florida state prison was entered. On September 2, 1983, the Florida court also found appellant in violation of his probation and sentenced him to a concurrent three years' term.

On September 17, 1983, appellant was returned to California and booked into the Santa Clara County jail. Following preliminary examination on September 30, 1982, he was charged with armed robbery and grand theft— both committed in California in 1982. On November 21, 1983, appellant pled guilty to both charges with the understanding that (1) he would receive no more than four years state prison, (2) the court could not tell how much, if any, credit he might receive for his Florida time, and (3) the California sentence will be served independently of the Florida sentence; on December 29, 1983, he was sentenced to state prison for a total term of four years. Pursuant to plea negotiations the trial court struck appellant's priors but

---

[1]Unless otherwise indicated, the statutory references are to the Penal Code.

refused to award any pretrial custody credit for time served in Florida or California prior to December 29, 1983.

■ Appellant's primary contention on appeal and in his accompanying habeas corpus petition[2] is that the trial court erred in denying presentence custody credit. Appellant argues that he is entitled (1) to pretrial custody credit for the entire period running from March 15, 1983, to December 29, 1983 (§ 2900.5; *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910]; *In re Watson* (1977) 19 Cal.3d 646 [139 Cal.Rptr. 609, 566 P.2d 243]; *People* v. *Schaaf* (1983) 150 Cal.App.3d 45 [197 Cal.Rptr. 458]), and (2) to good time/work time credit for said period. Respondent concedes that appellant is entitled to presentence custody credit for the Florida incarceration from the date of the California hold until imposition of the Florida sentence. We disagree with both appellant and respondent and affirm the judgment below.

■ As a general statutory rule, the defendant is entitled to presentence credit for any time spent in custody prior to trial. (§ 2900.5, subd. (a).) The award of pretrial custody credit, however, is not without limitation. Section 2900.5, subdivision (b) does impose a curtailment on the presentence credit by providing in pertinent part that: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

Cases interpreting the above provision explain that credit shall be given only where the custody is related to the same offense for which the defendant has been convicted. Consistent therewith, it has been held that where the defendant has already been sentenced for a prior unrelated offense, his pretrial incarceration for a new charge cannot be attributed to the new proceeding. As a consequence, the defendant in such an instance is not entitled to custodial credit against his new sentence. (*In re Rojas* (1979) 23 Cal.3d 152, 155-156 [151 Cal.Rptr. 649, 588 P.2d 789].)

■ However, when a defendant is incarcerated pending resolution of related and unrelated offenses, whether he is entitled to presentence credit on the last sentenced (related) offense may depend on whether the incarceration for that offense preceded or followed the restraints imposed for the unrelated offense. If the defendant first lost his freedom and was incarcerated for charges relating to the last sentenced offense, he is entitled to all

---

[2]By order dated June 7, 1984, we consolidated the petition for habeas corpus with the appeal on our own motion in order to facilitate the disposition of the controversy in a single opinion. (*People* v. *Pena* (1972) 25 Cal.App.3d 414, 423 [101 Cal.Rptr. 804]; *In re Rinegold* (1970) 13 Cal.App.3d 723, 725 [92 Cal.Rptr. 18].)

presentence jail time even if he was, in the meanwhile, sentenced for the unrelated offense. (*In re Atiles, supra,* 33 Cal.3d 805; *People* v. *Schaaf, supra,* 150 Cal.App.3d 45.) On the other hand, if the restraint on the defendant was first imposed for an unrelated offense, the fact that the defendant was subsequently held also for another offense does not entitle him to pretrial custody credit against the sentence on that other offense because "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*In re Rojas, supra,* 23 Cal.3d at p. 156.)

As appellant aptly points out, the case controlling the present situation is *People* v. *Schaaf, supra,* 150 Cal.App.3d 45. In *Schaaf,* appellant was arrested for murder on September 7, 1982. On January 7, 1983, he pled guilty to the lesser included offense of voluntary manslaughter and on February 7, 1983, he was sentenced to prison for six years. While these proceedings were in progress, appellant also had other charges pending against him. For on November 12, 1980, he had pled nolo contendere to vehicular manslaughter and was placed on 3 years' probation on condition he serve 180 days in the county jail. But on February 11, 1981, appellant failed to appear for arraignment on a driving under the influence charge and as a consequence, a bench warrant was issued for his arrest. On March 13, 1981, probation was revoked in the vehicular manslaughter action and another bench warrant was issued for appellant's arrest for violation of probation. On September 10, 1982, appellant was sentenced to 180 days in the county jail for violation of probation. On November 17, 1982, appellant was sentenced to another 270 days for the misdemeanor driving offense. In the new proceeding for voluntary manslaughter the trial court allowed only four days' precustody credit (that is, for appellant's incarceration between his Sept. 7, 1982, arrest and his Sept. 10, 1982, sentencing for violation of probation).

Relying primarily on *Atiles,* the appellate court modified the sentence and awarded appellant pretrial custody credit for the entire period of his pretrial incarceration (from Sept. 7, 1982, to Feb. 7, 1983) on the basis that appellant suffered restraints on his freedom due to the recent murder charge and that the additional restraints for the unrelated offenses followed rather than preceded the restraints imposed for the pending offense. The precise holding of the court reads as follows: "We conclude from *Atiles* that except for the *Rojas* situation where the defendant is already serving a sentence when restraints related to the instant sentencing are first imposed, that a defendant is entitled to presentence credit under section 2900.5 for all presentence jail time spent while awaiting sentence in the pending case. Such presentence jail time is deemed attributable to the pending offense even though restraints on other unrelated cases were also imposed on the defendant, *provided that*

*the restraints on the unrelated cases did not precede the restraints caused by the pending case."* (*People* v. *Schaaf, supra,* 150 Cal.App.3d at pp. 51-52, italics added.)

▮ The facts of the instant case reveal that on March 15, 1983, appellant was arrested for the unrelated offenses of burglary and grand theft in Florida, and was held in custody because of those charges. (Case No. CRC 83-2396 CFANO, Sixth Judicial Circuit Court, Pinellas County, Florida.) California law enforcement authorities were contacted by the Florida police *after* appellant had already been arrested for felonies committed in Florida and the California warrant hold was placed on appellant *subsequent* to his loss of freedom for the Florida unrelated offenses. Moreover, during his incarceration in Florida appellant was sentenced twice: on July 19, 1983, he received three years for burglary and grand theft, and on September 2, 1983, he was sentenced to an additional three years for violation of his Florida probation. Since it is clear that the restraint placed on appellant for the California charges followed rather than preceded the restraint imposed upon him for the Florida unrelated offenses, the conclusion is inescapable that under *Schaaf* appellant was entitled to no pretrial credit at all against his California sentence. As a consequence, the trial court's ruling denying presentence custody credit was correct.

Lastly, we observe that *In re Watson, supra,* 19 Cal.3d 646, cited by both parties, is clearly distinguishable from the present case. In *Watson* the defendant was arrested in Texas at the request of the Los Angeles police and was in pretrial custody not because of unrelated criminal offenses committed in Texas or elsewhere, but solely because of the California charges. Under those circumstances, the court properly held that the time spent by defendant in the Texas jail while resisting his extradition to California, was attributable to the California proceeding and therefore, creditable under section 2900.5, subdivision (b). By contrast, appellant herein spent time in a Florida jail for charges which are in no way attributable to any California charges.

In light of our conclusion we need not and do not reach the additional issues raised in the appeal and petition.

The judgment is affirmed; the petition for writ of habeas corpus is denied.

Barry-Deal, J., concurred.

**WHITE, P. J.**—I dissent.

The majority relies upon the overbroad and incorrect dicta of *People* v. *Schaaf* (1983) 150 Cal.App.3d 45 [197 Cal.Rptr. 458]. *In re Atiles* (1983)

33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910], awarded presentence credits. *People* v. *Schaaf, supra,* 150 Cal.App.3d 45, applied *Atiles* to award credits. The majority now applies incorrect dicta in *Schaaf* to *deny* credit where credit would have been granted even before *Atiles* and *Schaaf.* I would decline to follow the incorrect dicta of *Schaaf* and instead follow the Supreme Court decisions in *In re Atiles, supra,* 33 Cal.3d 805, and *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789]. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

*In re Rojas, supra,* 23 Cal.3d 152, 156, the court denied credit with the explanation that "[t]here is no reason in law or logic to extend the protection intended to be afforded one merely *charged* with a crime to one already incarcerated and serving his sentence for a first offense who is then charged with a *second* crime." *Atiles, supra,* 33 Cal.3d 805, 810, acknowledged the *Rojas* ruling when it prescribed the test to be applied by trial courts: "In determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints." (Fn. omitted.)

The *Rojas* exception was for one serving a "sentence." *Atiles* restated that the exception applied to one serving a "term" when the restraints related to the new charge were imposed.

Up to a point, *Schaaf*'s analysis of *In re Atiles, supra,* 33 Cal.3d 805 was correct: "We conclude from *Atiles* that except for the *Rojas* situation where the defendant is already serving a sentence when the restraints related to the instant sentencing are first imposed, that a defendant is entitled to presentence credit under section 2900.5 for all presentence jail time spent while awaiting sentence in the pending case." (*Schaaf, supra,* 150 Cal.App.3d at pp. 51-52.) Applying this portion of the *Schaaf* analysis to the instant case would result in credit because at the time of the California holding petitioner was not "already serving a sentence" in Florida.

The error in *Schaaf* was in its next sentence, where the court substituted the broad term "restraints" for the narrow exception of *Rojas* and *Atiles* for one already serving a "sentence" or "term." Thus, *Schaaf* stated: "Such presentence jail time is deemed attributable to the pending offense even though restraints on other unrelated cases were also imposed on the defendant, provided that the *restraints* on the unrelated cases did not pre-

cede the restraints caused by the pending case." (*Schaaf, supra,* 150 Cal.App.3d at p. 52, italics added.) The same error had been made in the first paragraph of the *Schaaf* opinion, where the court previewed its conclusion that "a defendant is entitled to credit for the entire time he spends in jail awaiting sentence if the *restraint* on the unrelated crime does not precede the restraint caused by the pending case." (*Id.,* at p. 47, italics added.)

Because the *Schaaf* dicta is at odds with both *Rojas* and *Atiles* I cannot join the majority in following it. I would order the trial court to grant presentence credits for the period of confinement in Florida between placement of the California warrant hold and sentencing on the Florida charges.[1]

Appellant's petitions for a hearing by the Supreme Court were denied December 20, 1984.

---

[1]As to the period after sentencing in Florida, the dicta of *Atiles* regarding avoidance of "dead time" does not apply because petitioner's California and Florida sentences have not been made concurrent by the trial court. (See *Atiles, supra,* 33 Cal.3d 805, 812-813.)