[No. A034026. First Dist., Div. One. Aug. 21, 1986.]

In re MICHAEL H. McCARTHY on Habeas Corpus.

**COUNSEL**

Howard J. Berman and Berman & Glenn for Petitioner.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Respondent.

**OPINION**

**RACANELLI, P. J.**—Petitioner Michael H. McCarthy is serving concurrent sentences in state prison arising from convictions in Sonoma and Marin Counties. By this petition for writ of habeas corpus, he seeks additional sentencing credits.[1] On April 17, 1986, we issued our order to the Director of the Department of Corrections to show cause why McCarthy's request should not be granted. Respondent has submitted his return and petitioner his traverse. (*In re Hochberg* (1970) 2 Cal.3d 870, 874 [87 Cal.Rptr. 681, 471 P.2d 1]; *In re Lewallen* (1979) 23 Cal.3d 274, 277-278 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].) There being no factual dispute, the question presented is solely one of law (*In re Saunders* (1970) 2 Cal.3d 1033, 1048 [88 Cal.Rptr. 633, 472 P.2d 921]) which we determine in petitioner's favor and grant the requested relief.

---

[1]McCarthy's then appellate attorney had filed a habeas corpus petition on his behalf in conjunction with his appeal. In an opinion filed January 14, 1986, now final (*People* v. *McCarthy* (1986) 176 Cal.App.3d 593 [222 Cal.Rptr. 291]), we denied the petition summarily on procedural grounds but permitted refiling of a properly verified petition. (*Id.*, at pp. 596-597.) McCarthy's present attorney filed the within petition on his behalf on February 21, 1986.

## BACKGROUND

The undisputed facts framed by the pleadings follow:

On October 22, 1983, petitioner was arrested in Sonoma County and charged with driving a stolen auto. (Veh. Code, § 10851.) The car had been taken from a Belvedere residence at the same time it was burgled. (Pen. Code, § 459.)[2] On the same day, the Tiburon police informed Sonoma County authorities of a warrant for petitioner's arrest for burglary. On October 26, 1983, the San Rafael Police Department requested that Sonoma place a "hold" on petitioner for a warrant for three additional burglaries.[3]

Petitioner remained in Sonoma County jail until he was sentenced in Sonoma County on January 20, 1984 to three years in state prison. He was thereafter sentenced in Marin County following his guilty plea on June 29, 1984. The total sentence of seven years and eight months imposed in the Marin County proceeding was ordered to run concurrent with the sentence imposed in the Sonoma County proceeding. However, the Marin County Superior Court denied petitioner's request for presentence and conduct credits against the sentence for the period October 22, 1983 to June 29, 1984.

## DISCUSSION

██ Relying on section 2900.5, as interpreted in *In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910], petitioner renews his request for such sentence credits for the additional period October 22, 1983 to June 29, 1984, on the theory such custody was "attributable to proceedings related to the same conduct for which [he] has been convicted." (§ 2900.5, subd. (b).) We agree.

The *Atiles* court expressly held "that the Legislature intended that 'custody . . . attributable to proceedings related to the same conduct for which the defendant has been convicted' include time in presentence custody during which a restraint or restraints related to that conduct made it impossible for the defendant to obtain his freedom, *regardless of whether the defendant*

---

[2]Unless otherwise indicated, all further statutory references are to the Penal Code.

[3]Petitioner was charged in Marin County Superior Court with five counts of burglary (§ 459) and one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851). The Belvedere burglary was charged in count 5 of that information. Petitioner eventually pleaded guilty to counts 1, 2 and 3 of the information, and counts 4, 5 and 6 and various allegations of prior felonies were dismissed. The Attorney General does not contest petitioner's allegation that the Tiburon Police contacted Sonoma authorities on October 22, 1983, regarding the hold for the Belvedere burglary nor that the San Rafael Police contacted Sonoma on October 26, 1983, regarding the hold for other charges.

██ 

*was also subject to other restraints on his liberty."* (*In re Atiles, supra,* 33 Cal.3d at p. 811, italics added.)

The manifest legislative design, the court reasoned, was to avoid "the possibility of unequal treatment [where] concurrent terms are imposed" which would otherwise result from uncredited "'dead time.'" (*In re Atiles, supra,* 33 Cal.3d at pp. 812-813.)

"Unequal treatment follows not only from denial of credit altogether for presentence jail time, however, but also from denial of credit on multiple concurrent terms. This may occur if a defendant seeks separate trials on severable charges to ensure his right to a fair trial, if a prosecutor does not join multiple counts in a single accusatory pleading, *or if a defendant faces charges in more than one jurisdiction.* . . . In each of these situations, the possibility of unequal treatment exists if concurrent terms are imposed, but because sentence has been imposed or parole revoked in the first proceeding before the others are tried, credit for time in jail while awaiting disposition of the remaining charges is denied. The terms then are not truly concurrent since the effect of denying credit on the later terms is that they commence only on the date sentence is pronounced. The time between sentencing in the first proceeding and that in the second is, as to the second term, 'dead time.' The Legislature has not either expressly or by implication indicated an intent to deny dual credit in any of these situations." (*In re Atiles, supra,* 33 Cal.3d at pp. 812-813, italics added.)

The Attorney General, on behalf of the Director of Corrections, argues that a reading of *Atiles* to compel credit for the period from commencement of petitioner's Sonoma sentence until his sentence in Marin County flies in the face of *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789] (no credit due where the defendant is already serving a sentence when custodial restraints are imposed relating to a subsequent independent offense). We remain unconvinced. In *Rojas,* the defendant was *serving a sentence* at the time the restraint in connection with the second charge was imposed. In contrast, petitioner had already been charged in Marin County and was awaiting proceedings when he was sentenced in Sonoma County.

Next, the Attorney General argues more forcefully that petitioner is not entitled to the requested credits because he was already under "restraint" in Sonoma County when the October 1983 "holds" were placed on him in Marin County.[4]

---

[4]Petitioner does not contend that the Sonoma County offense arises from the same conduct as the Marin offenses within the meaning of section 2900.5 and *In re Rojas, supra,* 23 Cal.3d 152.

The Attorney General basically relies on *People* v. *Schaaf* (1983) 150 Cal.App.3d 45 [197 Cal.Rptr. 458] and *People* v. *Joyner* (1984) 161 Cal.App.3d 364 [207 Cal.Rptr. 636], in support of his argument. *Schaaf, supra,* in dicta, appears to have broadened the narrow exceptions under the *Rojas/Atiles* analyses limiting dual credits.

The majority in *Joyner* relied on the *Schaaf* analysis to uphold the denial of credit to a California petitioner who had been arrested in Florida prior to a hold being placed on him by California authorities.

Respectfully, we disagree with the *Joyner* analysis and its reliance on the *Schaaf* dicta. As the dissenting opinion cogently explained: "The *Rojas* exception was for one serving a 'sentence.' *Atiles* restated that the exception applied to one serving a 'term' when the restraints related to the new charge were imposed.

" . . . . . . . . . . . . . . . . . . . . . . .

"The . . . *Schaaf* . . . court substituted the broad term 'restraints' for the narrow exception of *Rojas* and *Atiles* for one already serving a 'sentence' or 'term.' Thus, *Schaaf* stated: 'Such presentence jail time is deemed attributable to the pending offense even though restraints on other unrelated cases were also imposed on the defendant, provided that the *restraints* on the unrelated cases did not precede the restraints caused by the pending case.' (*Schaaf, supra,* 150 Cal.App.3d at p. 52, italics added.)" (*People* v. *Joyner, supra,* 161 Cal.App.3d at pp. 370-371 (dis. opn. of White, P. J.).) We too find the *Schaaf* dicta at odds with the unequivocal *Atiles* pronouncement that except for the limited *Rojas* situation (defendant *serving a sentence* on the unrelated charge when arrested on the new charge), custody for purposes of section 2900.5, subdivision (b), includes *all* time "during which a restraint or restraints related to that [particular] conduct made it impossible for the defendant to obtain his freedom, regardless of whether the defendant was also subject to other restraints on his liberty." (*In re Atiles, supra,* 33 Cal.3d at p. 811.)

The petition for writ of habeas corpus is granted to the extent that the abstract of judgment in Marin County Superior Court No. 9062, People v. McCarthy, and the records of the Department of Corrections are ordered amended to reflect credit for time served and conduct credit from October 22, 1983, until June 29, 1984. In all other respects, the petition is denied, and the order to show cause is discharged.

This opinion is final as to this court forthwith (Cal. Rules of Court, rule 24(c)). The clerk of this court is directed to forward certified copies of this

opinion to the Department of Corrections and to the Marin County Superior Court.

Elkington, J., and Holmdahl, J., concurred.