[Crim. No. 14363. Third Dist. Dec. 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LEROY DAVIS, Defendant and Appellant.

**COUNSEL**

Lawrence W. Murchison, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAVIS, J.**[*]—Defendant was convicted of possession of methamphetamine (Health & Saf. Code, § 11377) and admitted three prior convictions alleged within the meaning of Penal Code section 667.5, subdivision (b). He was sentenced to three years with a consecutive one-year enhancement for each prior; the enhancement on the second prior was stayed. On appeal he alleges: (1) his suppression motion improperly was denied; and (2) he is entitled to presentence custody credit. We find no merit to either contention and affirm.

On March 7, 1984, a no bail bench warrant for defendant's arrest was issued because of his failure to appear for sentencing in an unrelated prior case, No. 65835. On May 3, 1984, Officer Deaton heard a broadcast on his police radio that defendant was wanted for parole violation. The broadcast stated defendant was driving a bus that had been converted into a camper. Officer Deaton realized he had seen the bus a few minutes before; he retraced his route and found the bus parked with defendant nearby. Deaton detained defendant on the basis of the parole violation warrant. He had no knowledge of the no bail bench warrant issued on March 7, 1984.

Officer Wagstaff had knowledge of both warrants when he arrived at the scene of the detention. Wagstaff participated in the arrest by identifying

---

[*]Assigned by the Chairperson of the Judicial Council.

the defendant and acting as a cover unit. Officer Huish handcuffed the defendant. Officer Prigge placed defendant in his patrol car and transported him to jail. Prior to leaving the scene, Prigge was told of the bench warrant. He obtained the numbers of the bench warrant over the police radio on the way to the jail. Defendant was booked into jail on the bench warrant. As a part of the booking process, defendant was strip searched. A plastic bag containing methamphetamine was found on him.

## I

Defendant argues his motion to suppress the evidence of methamphetamine should have been granted because his arrest was illegal. He claims he was arrested pursuant to a warrant for parole violation and that warrant was not produced at the time of his motion.[1] The Attorney General contends that defendant was arrested pursuant to a bench warrant for failure to appear at sentencing and that the validity of the bench warrant was never contested.

The rule is settled that police officers in the field are justified in making arrests on the basis of information furnished by other officers. (*Remers* v. *Superior Court* (1970) 2 Cal.3d 659, 666-667 [87 Cal.Rptr. 202, 470 P.2d 11]; *People* v. *Romanoski* (1984) 157 Cal.App.3d 353, 358 [204 Cal.Rptr. 33].) When challenged by the defense, however, the People must prove the source of the information is something other than an officer's imagination. (*Ibid.*) When the arrest is pursuant to a warrant, the People must produce the actual arrest warrant or a certified copy so the defense may test its validity at the time of the arrest. (*Romanoski, supra,* 157 Cal.App.3d at p. 360.) The purpose of the rule is to prevent the later fabrication of reasonable grounds for arrest. (*Remers, supra,* 2 Cal.3d at pp. 666-667.)

A certified copy of the bench warrant for failure to appear was received into evidence at the time of the hearing in municipal court. Defendant never contested the validity or proof of the bench warrant; rather, he argues the sole basis for his arrest was the parole violation warrant which was never produced. This argument misconstrues the facts. Wagstaff had knowledge of both warrants, and although he did not handcuff or transport defendant, he did participate in the arrest by identifying the defendant and acting as a cover unit. An arrest is more than a transient momentary incident; it is a continuous transaction. (See *Freeman* v. *Dept. Motor Vehicles* (1969) 70 Cal.2d 235, 237-238 [74 Cal.Rptr. 259, 449 P.2d 195].) To hold otherwise would put form over substance. Thus, regardless of whether the validity of the parole violation warrant was proved, defendant was arrested

---

[1]The motion to suppress was made at the preliminary hearing and reviewed in conjunction with defendant's Penal Code section 995 motion in superior court.

on another valid warrant, and there was no danger of manufactured probable cause.

The motion to suppress was properly denied.

## II

Defendant claims the trial court erred in denying him presentence custody credit. He was arrested on May 3, 1984, for failure to appear for sentencing in case No. 65835, in which he had been convicted of being a felon in possession of a firearm. (Pen. Code, § 12021.) Subsequent to his arrest, he was charged with possession of methamphetamine in this case, No. 70060. Sentence in this case, imposed March 5, 1985, was ordered to run concurrent to that in case No. 65835, imposed May 29, 1984. Defendant argues he is entitled to credit from May 3, 1984, until March 5, 1985.

Penal Code section 2900.5, subdivision (b), provides in relevant part: "[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." Defendant relies on *In re Rojas* (1979) 23 Cal.3d 152, 156 [151 Cal.Rptr. 649, 588 P.2d 789], for the proposition that he is entitled to presentence credit because he had not been sentenced in case No. 65835 at the time of his arrest in this case. This argument misconstrues the holding in *Rojas*. (*People* v. *Murillo* (1986) 178 Cal.App.3d 232, 236 [224 Cal.Rptr. 1].) *Rojas* focused on whether the custody to which defendant has been subjected " " " "is attributable to charges arising from the same criminal act or acts for which the defendant has been convicted." " " " (*Rojas, supra,* 23 Cal.3d at p. 156, citing Pen. Code, § 2900.5, subd. (b), and *In re Watson* (1977) 19 Cal.3d 646, 651 [139 Cal.Rptr. 609, 566 P.2d 243].) Applying this rule, *Rojas* held one already serving a term of incarceration on one offense and subsequently charged and held on an unrelated offense, could not attribute his deprivation of liberty to the second offense for purposes of presentence credit. (*Rojas, supra,* 23 Cal.3d at p. 156; *Murillo, supra,* 178 Cal.App.3d at p. 236.) Clearly, in such a situation, the second conviction is not attributable to the same conduct forming the basis for the first conviction.

*In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910] is in accord with *Rojas, supra,* 23 Cal.3d at page 156. There, the defendant was on parole when he committed a robbery. His parole was revoked and he was sentenced to six months due in part to the robbery. Upon his later conviction of the robbery, he sought to credit the sentence imposed with the six months presentence custody attributable to the parole revocation. The Supreme Court held he was entitled to such credit because the time spent in custody on the parole revocation was based, at least in part, on the robbery and thus attributable to the proceedings for which he was thereafter

convicted. (*In re Atiles, supra,* 33 Cal.3d 805 at pp. 809-811; *People* v. *Quijada* (1984) 156 Cal.App.3d 789, 791 [202 Cal.Rptr. 646].) The court stated, "In determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints." (*Atiles, supra,* 33 Cal.3d at p. 810.)

Unfortunately this broad language has been the source of confusion for several appellate courts. Relying on the language, the Fifth District Court of Appeal in *People* v. *Schaaf* (1983) 150 Cal.App.3d 45 [197 Cal.Rptr. 458], stated ". . . that except for the *Rojas* situation where the defendant is already serving a sentence when restraints related to the instant sentencing are first imposed, that a defendant is entitled to presentence credit under section 2900.5 for all presentence jail time spent while awaiting sentence in the pending case. Such presentence jail time is deemed attributable to the pending offense even though restraints on other unrelated cases were also imposed on the defendant, provided that the restraints on the unrelated cases did not precede the restraints caused by the pending case." (*Schaaf, supra,* 150 Cal.App.3d at pp. 51-52.) The Fifth District Court of Appeal has followed this reasoning in *People* v. *Cornett* (1985) 165 Cal.App.3d 752 [212 Cal.Rptr. 24] and the First District Court of Appeal has done so in *In re McCarthy* (1986) 184 Cal.App.3d 827 [229 Cal.Rptr. 286]. (*Cornett, supra,* 165 Cal.App.3d 752, 760-761; *McCarthy, supra,* 184 Cal.App.3d 827.) These cases have disregarded the limit placed on the broad language by *Atiles* itself: ". . . the Legislature intended that 'custody . . . attributable to proceedings related to the same conduct for which the defendant has been convicted' include time in presentence custody during which a restraint or restraints related to that conduct made it impossible for the defendant to obtain his freedom, regardless of whether the defendant was also subject to other restraints on his liberty." (*Atiles, supra,* 33 Cal.3d at p. 811; see also *People* v. *Esparza* (1986) 185 Cal.App.3d 458 [229 Cal.Rptr. 739].) ▮ *Atiles* did not intend that the basis for the custody may be disregarded and the sequential relationship between the beginning of restraint in a pending case and the beginning of restraint in an unrelated case become the criteria for determining presentence credit. (*Esparza, supra.*) Such criteria is inconsistent with the express statutory language of Penal Code section 2900.5, subdivision (b), that credit shall be given "*only* where the custody . . . is attributable to proceedings related to the *same conduct* for which the defendant has been convicted." (Italics added.) Since there is no ambiguity, uncertainty, or doubt about the meaning of this language, the statute is to be applied according to its terms without further judicial construction. (*Atiles, supra,* 33 Cal.3d at p. 811.) Therefore, to the extent *Schaaf, Cornett*

and *McCarthy* are inconsistent with the express language of Penal Code section 2900.5, subdivision (b), we respectfully decline to follow them.

Here, defendant's confinement from May 3, 1984, until March 5, 1985, was based on his arrest for failure to appear for sentencing in case No. 65835 and the sentence imposed for his previous conviction in that case. His conduct which led to that conviction, being a felon in possession of a firearm, was wholly unrelated to the conduct which led to his conviction in this case. Thus, the pending proceeding has no effect upon his liberty and credit is not authorized. (*Rojas, supra,* 23 Cal.3d at p. 156; *Atiles, supra,* 33 Cal.3d at p. 811; *Murillo, supra,* 178 Cal.App.3d at pp. 236-237.)[2]

 We reject defendant's claim that the denial of presentence credit is a denial of equal protection. He argues that had he pleaded guilty in May 1984 to the possession charge and been sentenced then, credit would have accrued in both cases. Since he elected to go to trial, the time from May 1984 until March 1985 accrued only in case No. 65835. First, this argument is based on the pure speculation that his sentence in this case would have been made concurrent to that in case No. 65835 at that time. Second, the concern for equal protection embodied in Penal Code section 2900.5 was to avoid the danger of "unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts." (*Rojas, supra,* 23 Cal.3d at p. 156; *Atiles, supra,* 33 Cal.3d at p. 812.) This potential for unequal treatment would arise only when the same conduct was attributable to both proceedings. (See Pen. Code, § 2900.5, subd. (b).) Defendant is not included in that class of indigents. The trial court properly denied presentence credit.

The judgment is affirmed.

Carr, Acting P. J., and Sparks, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 1987.

---

[2]It is of note that the only reason defendant had not been sentenced in case No. 65835 at the time of his arrest was because of his own failure to appear for sentencing.