Filed 12/9/14  P. v. Cardenas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075826 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F06005) |
| v. | |
| ANTHONY STEVEN CARDENAS, | |
| Defendant and Appellant. | |

Following the no contest plea of defendant Anthony Steven Cardenas to possession of morphine for sale (Health & Saf. Code, § 11351),[1] the trial court sentenced him to the stipulated term of 365 days in county jail in case No. 13F06005 (the morphine case), dismissed case No. 13F06003, awarded him four days of presentence custody credits, and imposed a $1,000 fine under section 11350.  On appeal, defendant contends:

---

[1] Further undesignated statutory references are to the Health and Safety Code.

1

(1) he should receive additional presentence custody credits for the time he was in custody on the dismissed case; and (2) the $1,000 fine was unauthorized and must be stricken. We disagree and affirm the judgment.

## BACKGROUND

On September 11, 2013, Elk Grove Police officers conducted a traffic stop of defendant's car, seizing $530 and a cell phone from defendant. An inventory search revealed three prescription bottles with 55 pills, five of which were morphine. Only one bottle was prescribed to defendant. Defendant did not give the officers his password for the cell phone. Defendant was arrested for possession of a controlled substance, resulting in the morphine case. (§§ 11350, subd. (a), 11375, subd. (b)(2).) He posted bail and was released from custody.

The following day, officers executed a search warrant at defendant's home. The officers found 36.42 grams of methamphetamine, 2.26 grams of marijuana, two bottles of cutting agents, three digital scales, a cell phone, packaging material, and two rounds of nine-millimeter ammunition. An examination of the cell phone found during the residential search revealed outgoing text messages indicating narcotics sales of morphine and other prescription drugs. Officers arrested defendant for possession of methamphetamine and booked him into county jail in case No. 13F06003 (the methamphetamine case). Defendant remained in custody on the methamphetamine case from September 12, 2013, until October 1, 2013, when the trial court exonerated bail and released defendant on his own recognizance.

The trial court granted the prosecution's motion to amend count one in the morphine case from possession of a controlled substance to possession of morphine for sale. (§ 11351.) Defendant pled no contest to the amended count one in the morphine case. In accordance with the plea, the trial court dismissed the remaining counts in both cases, including the methamphetamine case in its entirety, and sentenced defendant to the stipulated term of 365 days in county jail. The trial court denied defendant's request for

custody credit for the time served in the methamphetamine case from September 12, 2013, through October 1, 2013. The trial court also imposed various fines and fees, including a $1,000 fine pursuant to section 11350, subdivision (d)(1). Defendant did not object to the imposition of this fine.

## DISCUSSION

### I

### *Credit for the Dismissed Case*

Penal Code section 2900.5 allows a defendant to receive credit for time spent in custody prior to being sentenced. (Pen. Code, § 2900.5, subd. (a).) It provides in part that, "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (Pen. Code, § 2900.5, subd. (b).)

Defendant contends under this section he is entitled to credit in the morphine case for the time he served in the methamphetamine case from September 12 through October 1. He argues "that period in custody is attributable to the charge for which [defendant] was convicted." He bases this claim on the fact that while providing the factual basis for the plea, the prosecutor stated: "[Defendant] had 55 pills total in his car. The pills were multiple prescription drugs. Specifically here, he had five pills of morphine to which he did not have a prescription. [¶] [Defendant] had a cell phone . . . on his person on September 11th when he was arrested. However, he did not provide the officers the password to look into it. [¶] On September 12th, which is in the [methamphetamine case], a search warrant was executed at [defendant's] house. He had another cell phone in his possession that day, on September 12th. [¶] When the officers went through his cell phone, [defendant] had multiple outgoing messages that offered to sell prescription medications, specifically morphine and other prescription medications."

3

Defendant claims this recitation of facts proves his conviction in the morphine case "was the result of his arrests on both September 11 and 12. Accordingly, [defendant's] incarceration from September 12 through October 1, 2013, for which the trial court denied him credit, was attributable to 'proceedings related to the same conduct for which the defendant has been convicted.' " We disagree.

Here, the conduct for which defendant was convicted was possession of *morphine* for sale, which occurred on September 11. Defendant posted bail and was released from custody in the morphine case before he was arrested on September 12 for unrelated conduct in the methamphetamine case. Defendant's presentence custody between September 12 and October 1 was based on his arrest for possession of *methamphetamine* on September 12. The fact that the contents of the cell phone searched on September 12 provided additional evidence of defendant's *morphine* sales does not transform the later case into conduct attributable to the earlier. (See *People v. Jacobs* (2013) 220 Cal.App.4th 67, 84; *People v. Pruitt* (2008) 161 Cal.App.4th 637, 642-643.) The fact that the charges in the second case were eventually dismissed "does not transmute the custody to time attributable to the old charges." (*People v. Huff* (1990) 223 Cal.App.3d 1100, 1105.)

Defendant also contends he is entitled to additional custody credit under the equal protection and due process clauses of the Constitution. Both of these claims rest on the premise that defendant was denied custody credit for time spent in custody on the charge *for which he was convicted*. As we have explained, the premise is invalid. (See *People v. Davis* (1986) 187 Cal.App.3d 1250, 1256 ["the concern for equal protection embodied in Penal Code section 2900.5 was to avoid the danger of 'unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts.' [Citation.] This potential for unequal treatment would arise only when the same conduct was attributable to both proceedings. (See Pen. Code, § 2900.5, subd. (b).)"].)

4

## II

### *Propriety of the $1,000 Fine*

Defendant also contends the trial court erred by ordering him to pay a $1,000 fine pursuant to section 11350, subdivision (d)(1). He claims that because he was not convicted under section 11350, the fine constitutes an unauthorized sentence that we should review on appeal despite his lack of objection in the trial court.

Section 11350 permits the imposition of a $1,000 fine for a first offense of violating that section. Although defendant was initially charged with violating section 11350, he was subsequently convicted under section 11351. Thus, defendant is correct that the fine was not authorized *under section 11350*. However, that conclusion does not end our inquiry.

Generally, a sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.] . . . [¶] In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

Defendant relies on *People v. Breazell* (2002) 104 Cal.App.4th 298 (*Breazell*), to support his claim that the fine erroneously imposed under section 11350 resulted in an unauthorized sentence. *Breazell* does not aid his claim. After Breazell was convicted of possessing cocaine base for sale, the trial court imposed two separate fines on that conviction, one under section 11372 and one under Penal Code section 672. Where the criminal statute does not explicitly prescribe the imposition of a penal or base fine, Penal Code section 672 permits the court at sentencing to "impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed." This

5

statute applies to all crimes, whether defined in the Penal Code or elsewhere. (*People v. Shah* (1949) 91 Cal.App.2d 716, 721.) The *Breazell* court concluded that because section 11372 provided for a base fine, the fine imposed under Penal Code section 672 for the same offense was unauthorized, as Penal Code section 672 included a limiting provision which "was meant to ensure that a fine pursuant to section 672 would not be imposed if another statute authorized a fine for the offense." (*Breazell, supra*, 104 Cal.App.4th at p. 304.)

Here, in contrast, the trial court imposed only *one* base fine for defendant's count of conviction. Although the court improperly identified section 11350 as the statutory basis for the fine, the fine could have been imposed pursuant to Penal Code section 672. Thus the trial court's reliance on the wrong statute did not result in the imposition of an unauthorized sentence--a fine that "could not have been imposed under any circumstances in the particular case." (*Breazell, supra*, 104 Cal.App.4th at p. 304.) Thus the error was subject to the forfeiture rule, and defendant's failure to object in the trial court forfeits his challenge on appeal.

## DISPOSITION

The judgment is affirmed.


DUARTE , J.


We concur:



HULL , Acting P. J.



MAURO , J.

6