Filed 5/16/16  P. v. Barillas CA2/6
Received for posting 5/18/16

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO BARILLAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B269375<br>(Super. Ct. No. 2014007944)<br>(Ventura County) |

Alejandro Barillas appeals a judgment entered following his nolo contendere plea to conspiracy to commit assault with force likely to produce great bodily injury, with admissions that he committed the offense to benefit a criminal street gang, and that he suffered a prior serious felony strike conviction.  (Pen. Code, §§ 182, subd. (a), 245, subd. (a)(4), 186.22, subd. (b)(1), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[1]

We appointed counsel to represent Barillas in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On April 6, 2016, we advised Barillas that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On April 22, 2016, we received a response from him contending that the trial court erred by denying any presentence custody credits.  Pursuant to *People v. Kelly*

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

1

(2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Barillas's contention.

*FACTS AND PROCEDURAL HISTORY*

On October 6, 2010, Barillas was convicted of attempted murder, and assault with a deadly weapon, with a finding that he committed the offenses to benefit a criminal street gang. The juvenile court committed Barillas to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice.

On April 2, 2015, the Ventura County prosecutor charged Barillas by felony information with conspiracy to commit assault by means likely to produce great bodily injury (count 1) and street terrorism (count 2), with allegations that he committed the crimes to benefit a criminal street gang and suffered two prior serious felony strike convictions. (§§ 182, subd. (a), 245, subd. (a)(4), 186.22, subd. (b)(1), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

The charges rested upon a March 10, 2014, assault by Barillas and seven other wards on two counselors at the juvenile justice facility. Barillas and the other wards were members of the Sureno criminal street gang. The two counselors required medical treatment; one counselor suffered a concussion, nasal and rib fractures, fractured teeth, bruises, and a knee injury.

As part of a plea agreement, Barillas waived his constitutional rights, and entered a nolo contendere plea to conspiracy (count 1). He also admitted the criminal street gang allegation and one serious felony strike allegation. On October 27, 2015, the trial court sentenced Barillas to a prison term of nine years, including a three-year midterm for the conspiracy count (then doubled) and a consecutive three-year term for the criminal street gang enhancement. The court imposed a $300 restitution fine, a $300 parole revocation restitution fine (suspended), a $40 court security assessment, and a $30 criminal conviction assessment. (§§ 1202.4, subd. (b), 1202.45, 1465.8, subd. (a); Gov. Code, § 70373.) The court did not award Barillas any presentence custody credit. It then dismissed the remaining criminal count and allegations, including a second serious felony strike conviction.

2

*DISCUSSION*

A defendant who has been sentenced and is serving time is not entitled to presentence custody credit while awaiting trial and sentence on another charge. (*In re Rojas* (1979) 23 Cal.3d 152, 155-156.) The reason for the rule is that the defendant's custody is not attributed to the pending charges, but to the prior sentence. (*Ibid.*) Our Supreme Court has not determined an exception to this rule where the inmate services provided during the pending-trial custody are negligible. We are bound by *In re Rojas*. (*Ibid.*; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.))

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

3

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Mark R. Fesser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.