Filed 5/22/15  P. v. Bell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066925 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD228523) |
| TERRILL ANTHONY BELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Kenneth K. So, Judge.  Affirmed.

Lindsay M. Ball, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

As part of a plea agreement, Terrill Anthony Bell entered a guilty plea to one

count of voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)).  Bell also admitted one

strike prior conviction (§ 667, subd. (b)-(i)), one serious felony prior conviction (§ 667,

---

1       All further statutory references are to the Penal Code unless otherwise specified.

subd. (a)(1)) and one prison prior conviction (§ 667.5, subd. (b)). The parties stipulated that Bell would receive a sentence of 18 years in prison. Bell was sentenced to an 18-year term pursuant to the plea agreement.

Bell filed a timely notice of appeal, however he did not obtain a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Bell the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The parties stipulated that the transcript of the preliminary hearing established the factual basis for the plea. The transcript reflects that on September 16, 2004, Bell was driving a vehicle. At that time he fired a gunshot at the victim's car. The shot hit and killed the victim.

## DISCUSSION

As we have indicated, counsel has asked this court to review the record for error pursuant to *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not arguable issues to assist this court's review of the record:

1. Whether the court abused its discretion in denying Bell's request for a lesser restitution fine than the $10,000 fine imposed by the court?

2

2.  Whether the court properly awarded custody credits pursuant to *In re Rojas* (1979) 23 Cal.3d 152?

3.  Whether the court properly applied enhancements under section 667.5, subdivisions (a) and (b))?

We have reviewed the entire record and have not identified any reasonably arguable issues for reversal on appeal.  Competent counsel has represented Bell on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.