Filed 9/12/16  P. v. Ojeda CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL ANDREW OJEDA,<br><br>    Defendant and Appellant. | B266149<br><br>(Los Angeles County<br>Super. Ct. No. KA096499) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Affirmed.

        John Doyle, under appointment by the Court of Appeal, for Defendant and Respondent.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

                    _____

Gabriel Andrew Ojeda appeals the one-year state prison sentence imposed after he pleaded no contest to assault by means likely to produce great bodily injury. Ojeda contends the court erred in failing to give him credit for the time he was in custody while the case was on remand from a prior appeal. We affirm.

## PROCEDURAL BACKGROUND[1]

After he was convicted of aggravated assault and simple assault in October 2012, Ojeda moved for a new trial based on juror misconduct. The trial court denied the motion. We vacated the trial court's order and remanded the matter for a new trial. (*People v. Ojeda* (Sept. 16, 2014, B246956) [nonpub. opn.].) Our remittitur issued on November 17, 2014.

After the matter was remanded, Ojeda pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).[2] On February 10, 2015 the court sentenced Ojeda to state prison for one year (one-third the middle term) to run consecutive to a four-year sentence imposed in February 2013 in an unrelated burglary case (KA095637-02). The court did not award Ojeda presentence custody credit for the time between the reversal of his conviction by this court and his sentencing after the no contest plea, explaining, "The defendant is a sentenced prisoner."

## DISCUSSION

Presentence custody credit is generally authorized by section 2900.5, subdivision (a), which provides, "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail . . . , all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment . . . ." Section 2900.5, subdivision (b), however, limits the circumstances

---

[1]    We omit a statement of facts because they are not relevant to Ojeda's sentencing claim.

[2]    Statutory references are to this code.

in which presentence custody credit may be awarded: "For purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

In his opening brief Ojeda argued there was nothing in the record demonstrating he had waived his right to presentence custody credit. Ojeda, however, was not entitled to presentence custody credit because he was incarcerated for a separate offense while the case was on remand. (See *In re Rojas* (1979) 23 Cal.3d 152, 155-156 ["defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration"]; see also *People v. Bruner* (1995) 9 Cal.4th 1178, 1180 [section 2900.5 was not intended "to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody"].)

Ojeda changed tactics in his reply brief. Acknowledging *Rojas* governs, Ojeda argued it was clear in that case the defendant was in custody in connection with one crime when he stood trial for the subsequent crime (see *In re Rojas*, *supra*, 23 Cal.3d at p. 154), while here there was nothing in the record other than the court's description of Ojeda as a "sentenced prisoner" to establish he was still in custody for the burglary conviction after the instant case was returned to the trial court on remand.

Even if not forfeited because Ojeda raised it for the first time in his reply brief (see *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 408), the argument is without merit. It is axiomatic that an appealed judgment is presumed correct. "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown . . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) "[I]f the particular form of

3

record appears to show *any* need for *speculation or inference* in determining whether error occurred, the record is *inadequate*." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶ 4:43, p. 4-11.) If the record is inadequate, we affirm the appealed judgment. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [burden is appellant's to provide adequate record on appeal to demonstrate error; failure to do so "precludes an adequate review and results in affirmance of the trial court's determination"].) By failing to identify anything in the record demonstrating he was not still in custody for his conviction on the burglary charge while the matter was on remand, Ojeda has not demonstrated error.

### DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.


We concur:


SEGAL, J.


GARNETT, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4