Filed 5/23/23 P. v. Gray CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096653 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF02496) |
| v. | |
| BILLY RAY GRAY, | |
| Defendant and Appellant. | |

Defendant Billy Ray Gray pleaded no contest to vandalism and obstructing a peace officer and admitted a prior strike conviction.  The trial court sentenced him to four years in prison.  Defendant argues the trial court erred in failing to strike his prior strike conviction under Penal Code section 1385, subdivision (c)[1] as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81), and in refusing to dismiss his prior

_____

[1] Undesignated statutory references are to the Penal Code.

1

strike pursuant to his *Romero*[2] motion under section 1385, subdivision (a). Defendant further argues the trial court violated equal protection when it refused to apply custody credits from a separately dismissed case. Disagreeing, we shall affirm the judgment.

BACKGROUND

In November 2021, the prosecution charged defendant with first degree residential burglary in a separate case (the burglary case). On June 28, 2022, the trial court dismissed the burglary case as part of the plea negotiations we recount *post.*

During the pendency of the burglary case, officers responded to a call for assistance in the inmate holding area of the courthouse where defendant was in a cell. Defendant said he wanted to speak to the judge, and if the judge did not come speak to him, the deputies were going to have to forcibly remove him from his cell. Defendant was known to have a violent history toward the jail staff. He resisted the deputies' efforts to remove him from the cell; when deputies placed him in a van for transport, he kicked at the back door of the transport van so hard it broke. The damage to the van door was in excess of $1,600.

The amended complaint in the current case (vandalism case) charged defendant with resisting an executive officer; vandalism; resisting, obstructing, or delaying a peace officer; and alleged defendant had a serious or violent prior conviction. (§§ 69, subd. (a), 148, subd. (a), 594, subd. (a), 667, subd. (d) & 1170.12, subd. (b).) The alleged serious or violent prior conviction was a 2003 burglary. Police arrested defendant in the vandalism case on May 20, 2022, giving rise to 48 days of actual presentence time attributable to the vandalism case.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

In the vandalism case, defendant pleaded no contest to vandalism; resisting, obstructing, or delaying a peace officer; and admitted the prior conviction allegation. The prosecution moved to dismiss the remaining charges in the vandalism case with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754  That dismissal also included the dismissal of the burglary case.

At sentencing, defendant asked the court to impose the lower term and invited the trial court to consider dismissing the prior conviction allegation under section 1385. Defense counsel argued the burglary case was not strong, and the vandalism was not more serious than the prior offenses. He noted defendant had a history of childhood trauma, drug use, and mental health challenges, which included hearing voices. Finally, counsel argued the prior 2003 burglary conviction was remote.

In examining the question of whether it should dismiss the prior strike pursuant to section 1385, subdivision (c), the trial court found dismissing that enhancement would endanger public safety because this 40-year-old defendant had seven prior felony convictions, 11 parole violations, and had been incarcerated nearly all the time since he was 15 years old. The court also considered that defendant was on parole at the time of the instant offense, had used methamphetamine since he was 11 years old, and had not demonstrated any intention of stopping his substance abuse. The court found the instant offense was connected to mental illness and was not a violent felony, and that the strike was over five years old, but nonetheless declined to strike the prior conviction allegation.

The trial court sentenced defendant to the middle term of two years in state prison doubled to four years because of the prior strike.

Defense counsel asked that the court consider awarding defendant credit for the full time he spent in jail awaiting trial on the dismissed burglary case. The court declined to do so.

Defendant timely appealed.

## DISCUSSION

## I

### *Prior Strike Conviction Under Senate Bill No. 81*

Defendant first argues the trial court abused its discretion by denying his motion to strike his prior conviction pursuant to section 1385, subdivision (c), as amended by Senate Bill No. 81. Specifically, defendant argues doubling a base term under the Three Strikes law qualifies as an "enhancement" under amended section 1385, subdivision (c), and thus is subject to the dismissal provisions of the amended statute. He adds an argument that the trial court abused its discretion by finding him a danger to public safety and denying his motion accordingly. The Attorney General counters the Three Strikes law is an alternative sentencing scheme, and not an enhancement, and thus unaffected by Senate Bill No. 81. We agree with the Attorney General; accordingly, we need not reach defendant's abuse of discretion claim as to his section 1385, subdivision (c) argument.

"Senate Bill [ ] 81 became effective on January 1, 2022," and amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. . . . [¶] . . . [¶] (7) This subdivision shall apply to sentencings occurring after January 1, 2022."

4

While Senate Bill No. 81 addresses "enhancements," the "Three Strikes law is a penalty provision, not an enhancement. It is not an enhancement because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternate sentence . . . when it is proven that the defendant has suffered . . . prior serious felony convictions. (See, e.g., *People v. Superior Court* (*Romero*)[, *supra*,] 13 Cal.4th [at p.] 527 ['The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than an enhancement.'].)" (*People v. Williams* (2014) 227 Cal.App.4th 733, 744; *People v. Burke* (2023) 89 Cal.App.5th 237, 242.) Accordingly, the trial court did not prejudicially err.

II

*Prior Strike Conviction under* Romero

Defendant alternatively argues the trial court was required to dismiss his prior strike conviction pursuant to section 1385, subdivision (a) in the interests of justice. We disagree that the trial court abused its discretion in declining to do so.

Our Supreme Court held in *Romero* that trial courts have discretion under section 1385 to dismiss a prior strike when that court finds a defendant falls outside the spirit of the Three Strikes law. (*Romero, supra*, 13 Cal.4th at pp. 529-530.) The court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A trial court's refusal "to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall

5

affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid*.)

Here, implicit in the trial court's ruling under section 1385, subdivision (c) is that the dismissal of the prior conviction would not be in the interests of justice. In coming to this conclusion, the court examined the defendant, his background, the nature of his present offense, and other individualized considerations. It found he was 40 years old and the current offense was not violent. However, in determining he was likely to be a danger to the public, the court considered the facts that defendant had seven prior felony convictions, 11 parole violations, and had been incarcerated almost nonstop for the last 25 years. The court explicitly found defendant was currently on parole, had a substance abuse problem, and showed no intention of stopping that destructive pattern.

In contrast to *People v. Dryden* (2021) 60 Cal.App.5th 1007, and *People v. Avila* (2020) 57 Cal.App.5th 1134, discussed in the parties' briefing, here defendant was sentenced to four years in state prison, not a life sentence as in those two cases. Moreover, defendant was exposed to substantially greater sentence in light of the pending second strike, which was ultimately dismissed as part of the plea. Although defense counsel argued to the trial court that the burglary case was weak, our review of the probation report, to which the parties stipulated as a factual basis, reveals that the burglary case appears quite strong. Unlike the sentences under review in *Dryden* and *Avila*, defendant's sentence was within the realm of reasonableness, even if this court were to disagree with it.

We conclude the court considered the proper factors, reached an impartial decision in conformity with the spirit of the law, and thus did not abuse its discretion in declining to strike the prior conviction.

III

*Custody Credits*

Defendant spent time in jail on the dismissed burglary case starting in November 2021.  The trial court awarded him credit for the time he served directly for this vandalism case starting in May 2022.  Despite defendant's request, the court did not award him credit for the approximately six and one half months of custody between November 2021 and May 2022 attributable to the burglary case.

On appeal, defendant concedes he was not entitled to credit for the dismissed burglary case pursuant to language of section 2900.5, subdivision (a).  He now argues equal protection required the trial court to grant him custody credits in this vandalism case, based on the time he served in custody for the prior dismissed burglary case.  Defendant postulates two classes of defendants spending time in custody for case A, and then later charged with case B.  In the first class, case A is not dismissed and credits for both cases are applied to the final disposition in each case.  In the second class, case A is dismissed and the credit for time served in case A is lost.  But he did not raise this argument in the trial court.

Defendant argues we should not conclude he forfeited this argument because we have discretion to address this important question of constitutional law.  The Attorney General concedes this issue is cognizable on appeal.  We agree.  If the trial court violated equal protection in failing to grant defendant these custody credits, he would be serving an unauthorized sentence.  "A claim that a sentence is unauthorized . . . may be raised for the first time on appeal."  (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)

On the merits, we conclude the two groups of defendants postulated by defendant are not similarly situated.  " ' "The constitutional guaranty of equal protection of the laws has been judicially defined to mean that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness.

7

[Citations.]" [Citation.] The concept recognizes that persons similarly situated not be treated differently unless the disparity is justified.' " (*People v. Yanez* (2019) 42 Cal.App.5th 91, 95.) "Thus, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citations.] 'Under the equal protection clause, we do not inquire whether persons are similarly situated for all purposes, *but whether they are similarly situated for purposes of the challenged law*.' [Citations.] If there is such a disparity, then we must proceed to decide which level of scrutiny to apply." (*Ibid.*)

We conclude the two classes proposed by defendant are not similarly situated for purposes of the challenged law. A person in custody awaiting the resolution of two cases prosecuted to final disposition is not in a constitutionally similar position to a person who is in custody for one case prosecuted to its conclusion and a separate unrelated dismissed case. Notably, the first person faces two separate convictions, each of which has its own punishment, and the time spent in custody for each of those convictions is properly creditable to each of those two cases. The person in the second classification faces only a single conviction and single punishment and suffers no legal adverse consequences from the dismissed case (conviction, incarceration, probation, parole, fines, etc.). (See *People v. Murillo* (1986) 178 Cal.App.3d 232, 238 [holding forfeiture of presentence custody credits when obtaining the dismissal of that case by plea negotiation is not fundamentally unfair].) Because these classes of defendants are not similarly situated, defendant's equal protection argument fails.

DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Mauro, Acting P. J.

/s/
McAdam, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.