Filed 3/12/24  P. v. Kramer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW H. KRAMER,<br><br>    Defendant and Appellant. | 2d Crim. No. B327142<br>(Super. Ct. No. BA435471)<br>(Los Angeles County) |

Andrew H. Kramer appeals two post-conviction orders denying his motions to correct or expunge information contained in a 2018 probation report.  We appointed counsel to represent appellant.  After an examination of the record, counsel filed an opening brief raising no issues and requested we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief, in propria persona, raising no issues of merit.  We dismiss the appeal because he appeals from non-appealable orders.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested in 2013 for a series of violent crimes against a former business associate. Federal prosecutors charged him with conspiracy to distribute marijuana in an unrelated case in 2015. He was confined in county jail while the state and federal cases were pending.

Appellant pleaded guilty to the federal drug charges in January of 2016 and received a 16-year sentence. He pleaded guilty to certain state charges, including arson, stalking, and assault, in July of 2018.[1] Prosecutors dismissed charges of attempted murder and conspiracy in exchange for his plea. Appellant received a negotiated sentence of 33 years and four months in state prison to be served concurrently with his federal sentence. The trial court awarded him 1,984 days of credit for time served: 974 days of actual custody credit credits and the same number of conduct credits. It denied custody credits for the time appellant spent in county jail between his sentencing in the federal and state cases, about two and a half years, citing *In re Rojas* (1979) 23 Cal.3d 152 (*Rojas*). We affirmed the denial order on appeal. (*People v. Kramer* (Jul. 27, 2021, B304830) [nonpub. opn.], review denied Oct. 13, 2021, S270688 (*Kramer I.*).)

This appeal concerns the trial court's denial of two subsequent post-conviction motions filed by appellant: (1) a "motion to correct probation report" dated September 21, 2022 and denied on September 22, 2022 (September 21 motion); and

---

[1] Appellant pleaded guilty to two counts of stalking (Pen. Code, § 646.9, subd. (a)), six counts of arson of a structure (*Id.*, § 451, subd. (c)), two counts of assault by means likely to produce great bodily injury (*Id.*, § 245, subd. (a)(4)), and one count of attempted arson (*Id.*, § 455).

2

(2) a "motion for correction/expungement of erroneous information in probation report and discovery" dated December 8, 2022 and denied on the same date (December 8 motion).[2] The record contains a copy of the first motion but not the second. The minute orders provide our only insight into the trial court's rulings.

The September 22 order simply states: "[M]otion to correct probation report, filed September 21, 2022, read and considered. [¶] Defendant's motion is denied." The December 8 minute order includes more detail: "[M]otion for correction/expungement of erroneous information in probation report and discovery, filed December 8, 2022, read and considered. [¶] Defendant, admittedly not a youthful offender, likens his motion as a request for a "Franklin" hearing (*People v. Franklin* (2016) 63 Cal.4th 261 [*Franklin*]). Nowhere in the motion does he address the issue of discovery. A similar motion, to correct 'erroneous information' was denied on September 22, 2022. [¶] Defendant appears to merely deny items appearing in the probation report. [¶] His motion is, again, denied."

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738, because he appeals an order denying postconviction relief rather than his underlying criminal conviction. (*Delgadillo*,

---

[2] Appellant's notice of appeal dated October 14, 2022 and filed on October 31 concerns the September 22 denial. His notice of appeal dated December 19, 2022 and filed on January 4, 2023 concerns the December 8 denial. We consider both here.

*supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) He is nevertheless entitled to our consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

Appellant's supplemental brief describes this appeal as "a simple request to correct errors in a Probation Officer's Report." He contends the report contains false or inaccurate information about, among other things, the scope of his involvement in the charged crimes and the severity of harm suffered by the victims. The supplemental brief does not articulate the legal basis of his request. The record provides some insight, however. The September 21 motion asserted the trial court "retains jurisdiction to correct erroneous information in his probation report under Penal Code [s]ection 1203.01, as interpreted by *In re Cook* (2019) 7 Cal.5th 439; also *People v. Crites* [(2022)] 77 Cal.App.5th 494, 499." The minute order from December 8 states appellant likened the second motion to "a request for a [*Franklin*] hearing."

Penal Code section 1203.01, subdivision (a) authorizes a sentenced defendant to submit a "brief statement" on "[his] views respecting [himself] and the crime of which [he was] convicted." The procedure is not a means for convicted defendants to purge the record of all purported falsities or inaccuracies, or to hold a *Franklin*-type hearing at which the trial court must generate and collect evidence for the defendant to use in future Board proceedings. It does not authorize the court to compel any person or entity, including the Department of Probation, to alter, reissue, remove, or otherwise correct documents contained within the defendant's record of conviction. The orders denying

4

appellant's motions, it follows, did not affect his substantial rights and are not appealable.  (*People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>


CODY, J.


We concur:


YEGAN, Acting P. J.


BALTODANO, J.

5

Ronald S. Coen, Judge
Superior Court County of Los Angeles

_____

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.