Filed 2/19/16  P. v. Codero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068379 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD254562) |
| EDUARDO CORDERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Eduardo Cordero was charged with robbery (Pen. Code, § 211;[1] count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); counts 2 and

_____

[1]    All statutory references are to the Penal Code unless otherwise noted.

3), and battery with serious bodily injury (§ 243, subd. (d); count 4). The information alleged the crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members within the meaning of Penal Code section 186.22, subdivision (b)(1), and that Cordero was 16 years of age or older when he committed the crimes within the meaning of Welfare and Institutions Code section 707, subdivision (d)(1). The information further alleged that Cordero personally inflicted great bodily injury on the victim within the meaning of Penal Code section 12022.7, subdivision (a).

Cordero entered into a plea agreement, under the terms of which he admitted one count of assault and the special allegations on that count under sections 186.22, subdivision (b)(1) and 12022.7, subdivision (a). In exchange for the guilty assault plea the remaining counts were dismissed and the parties stipulated to a five-year suspended state prison sentence and probation on the condition Cordero serve 365 days in county jail and waive local conduct credit under section 4019 for time spent in county jail. The trial court accepted Cordero's plea, found Cordero guilty, and on the People's motion dismissed all other charges. The court sentenced Cordero to state prison on count 2 under section 245, subdivision (a)(4) for the low term of two years and imposed a consecutive sentence of three years under section 12022.7, subdivision (a).

Pursuant to the plea agreement, the court struck the gang allegation, suspended execution of the sentence, and placed Cordero on formal probation on certain terms and conditions, including serving 365 days in county jail. The court awarded Cordero 123

days of credit for time spent in county jail, but denied Cordero's request for credit for 101 days served in juvenile detention prior to being transferred to county jail in this case. Cordero filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record as mandated by *Wende*. We offered Cordero the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

As the basis for his guilty plea, Cordero admitted that on March 5, 2014, he committed an assault by means of force likely to produce great bodily injury, that he did personally inflict such injury, and that he committed the assault for the benefit of a criminal street gang.

In 2013, Cordero was declared a ward of the juvenile court under Welfare and Institutions Code section 602. While on juvenile probation for prior crimes, Cordero left home without permission and was listed on a "hotsheet" as a runaway juvenile. On April 8, 2014, before he was identified as a suspect in the crimes in this case, Cordero was detained by a trolley security guard for not purchasing trolley fare. As a result, Cordero was found to be in violation of his probation and, on April 10, 2014, was sentenced to 365 days at Camp Barrett, a juvenile detention facility.

On April 11, 2014, after the preliminary hearing for Cordero's codefendant, a victim of the March 5, 2014, assault identified Cordero as one of his assailants. On

3

September 26, 2014, while detained at Camp Barrett, Cordero was arraigned for the charges in this case. On September 30, 2014, Cordero was transferred from Camp Barrett to Kearny Mesa Juvenile Hall. On January 8, 2015, at the end of his commitment term for his juvenile probation violation, Cordero was released from juvenile hall and then rebooked on the charges in the present case. As discussed, at the sentencing hearing, Cordero's counsel argued he was entitled to presentence custody credit for the period of time from September 30, 2014, to January 8, 2015, under the authority of *In re Rojas* (1979) 23 Cal.3d 152. The People opposed and the trial court denied Cordero's request.

DISCUSSION

As we have indicated, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, and has asked this court to review the record for error. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified the following possible, but not reasonably arguable, issue to assist this court in our review of the record: Whether the trial court erred in denying Cordero presentence custody credit for the period of time from September 30, 2014, to January 8, 2015. The time Cordero served in juvenile hall stemmed from the earlier probation violation, and was not attributable to proceedings related to the conduct for which Cordero was convicted in this case. Thus, the issue is not reasonably arguable.

Additionally, we have reviewed the entire record as mandated by *Wende* and *Anders* and have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Cordero on this appeal.

DISPOSITION

The judgment is affirmed.


                                                    BENKE, Acting P. J.

WE CONCUR:


NARES, J.


AARON, J.