Filed 7/12/16  P. v. Cummings CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079707 |
| v. | (Super. Ct. Nos. CRF113631, CRF151116) |
| NICHOLAS MARTIN CUMMINGS, | |
| Defendant and Appellant. | |

Defendant Nicholas Martin Cummings challenges the allocation of presentence credit in two criminal cases.  He argues the presentence credit days exceeding his eight-month sentence in case No. CRF113631 should have been allocated to his five-year sentence in case No. CRF151116.  Disagreeing, we will affirm the judgment.

BACKGROUND

We do not recount the details of the underlying crimes as they are not relevant to the issue on appeal.

In case No. CRF113631, a jury found defendant guilty of first degree burglary (Pen. Code, § 459),[1] felony vandalism (§ 594, subds. (a) & (b)(1)), and possession of burglary tools (§ 466).  In a bifurcated proceeding, the trial court found true the allegations that defendant had served four prior prison terms.  (§ 667.5, subd. (b).)

---

[1] Undesignated statutory references are to the Penal Code.

1

In February 2012, the trial court sentenced defendant to 10 years in prison but suspended execution of the sentence and placed defendant on probation for four years.

In September 2014, while defendant's appeal was pending, the probation department filed a declaration alleging that he had violated various conditions of his probation. The trial court revoked defendant's probation but continued the sentencing hearing several times due to the pending appeal.

In February 2015, defendant was charged by felony complaint in case No. CRF151116 with unauthorized use of personal identifying information (§ 530.5, subd. (a)) and fraudulent use of an access card (§§ 484g, subd. (a), 487, subd. (a)). It was also alleged that defendant was convicted of a serious felony within the meaning of section 667, subdivision (e)(2) and had served three prior prison terms. (§ 667.5, subd. (b).) On the same day as the felony complaint was filed, a declaration was filed in case No. CRF113631 alleging that defendant had violated the conditions of his probation by committing the crimes alleged in case No. CRF151116. In March 2015, defendant pleaded not guilty to both counts and denied the enhancement allegations in case No. CRF151116.

In April 2015, this court issued an opinion on defendant's appeal in case No. CRF113631, holding that the evidence did not support a conviction for first degree burglary. This court reduced the conviction to second degree burglary and remanded the matter for resentencing.

The day after our opinion issued, defendant pleaded no contest to unauthorized use of personal identifying information, admitted the prior prison term allegations in case No. CRF151116, and also admitted violating the conditions of his probation in case No. CRF113631. In exchange for his pleas and admissions, the remaining charges and allegations in case No. CRF151116 were dismissed. As part of the plea agreement, the parties agreed that defendant would receive an aggregate sentence of five years eight months in county jail, consisting of the following: two years for unauthorized use of

personal identifying information in case No. CRF151116, one year for each of the three prior prison term enhancements in case No. CRF151116, and eight months for the second degree burglary in case No. CRF113631. Defendant was released from custody and placed on supervised own-recognizance release.

In July 2015, the trial court sentenced defendant consistent with the plea agreement. Because the trial court determined that defendant was entitled to 981 days of presentence credit for case No. CRF113631, it deemed the eight-month sentence in that case to have been served. With respect to the remaining five years in case No. CRF151116, the trial court imposed a split sentence, consisting of 912 days in county jail and 913 days on mandatory supervision, with 88 days of presentence credit. In allocating the presentence credit among the two cases, the trial court adopted the calculations submitted by the probation officer. For case No. CRF151116, the probation officer determined that defendant was entitled to 88 days of presentence credit calculated as follows: 44 days of actual credit for the time period from when defendant was administratively booked on March 3, 2015, to the date he was convicted by plea on April 15, 2015, plus 44 days of conduct credit.

DISCUSSION

Defendant argues the trial court erred in allocating the 981 days of presentence credit solely to his eight-month sentence in case No. CRF113631. He claims the credit days exceeding his eight month sentence should have been allocated to the five-year sentence in case No. CRF151116.

Penal Code section 2900.5 governs the award of presentence custody credit. Subdivision (a) of that section provides: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days . . . credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment . . . . If the total number of days in custody exceeds the number of days of the term of

3

imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served." (§ 2900.5, subd. (a).) Subdivision (b) states that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subd. (b).) The California Supreme Court has explained that "the purpose of section 2900.5 is to ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1183-1184, citing *In re Rojas* (1979) 23 Cal.3d 152, 156.)

Defendant's argument is based on *People v. Gonzalez* (2006) 138 Cal.App.4th 246 (*Gonzalez*). In *Gonzalez*, the defendant pleaded guilty to domestic violence and was placed on probation. (*Id.* at pp. 248-249.) During the probationary period he was charged with auto theft and gun possession. (*Id.* at p. 249.) While in custody awaiting trial on the auto theft and gun charges, he was charged with assaulting another inmate. (*Ibid.*) The defendant was convicted of the auto theft and gun charges, pleaded no contest in the assault case, and admitted the probation violation. (*Id.* at pp. 249-250.) In awarding presentence credit, the trial court calculated the time served from the date of the defendant's arrest in the auto theft and gun case to the date of the assault, and allocated that credit to the domestic violence case. (*Id.* at p. 250.) The credit in the domestic violence case exceeded the sentence imposed in that case. (*Id.* at p. 251.)

The defendant argued, and the court of appeal agreed, that the credit could be applied to the auto theft and gun case even though it was not the sole reason for the presentence confinement. The court held that the custody could be attributed to " 'multiple, unrelated causes.' " (*Gonzalez, supra*, 138 Cal.App.4th at p. 252.) It reasoned that the prohibition in section 2900.5, subdivision (b) against duplicate credit

4

would not be violated because the defendant did not seek duplicate credit for the period of confinement. (*Ibid*.)

*Gonzalez* is inapposite because defendant's custody prior to March 3, 2015 was attributable solely to the conduct that led to the conviction in case No. CRF113631. His custody during that period was not attributable to multiple, unrelated causes like in *Gonzalez*.

Credit for time served commences on the day a defendant is booked into custody. (*People v. Macklem* (2007) 149 Cal.App.4th 674, 702.) In case No. CRF151116, defendant was administratively booked on March 3, 2015, and he was convicted by plea on April 15, 2015. The trial court correctly awarded presentence credit in case No. CRF151116 for that time period. Because defendant's custody prior to March 3, 2015 was attributable solely to the conduct that led to the conviction in case No. CRF113631, it would not have been appropriate for the trial court to allocate any "excess" credit from that time period to case No. CRF151116.

Because none of the credit allocated to case No. CRF113631 could have been allocated to case No. CRF151116, there was no sentencing error.

DISPOSITION

The judgment is affirmed.

                            /S/
                    MAURO, J.

We concur:


     /S/
BLEASE, Acting P. J.


     /S/
NICHOLSON, J.

5