Filed 2/21/25  P. v. Lua CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HUGO JOSE LUA,<br><br>Defendant and Appellant. | F087743<br><br>(Super. Ct. No. DF011988A)<br><br>**OPINION** |

## THE COURT[*][†]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Meehan, J. and Fain, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant and defendant Hugo Lua (appellant) pleaded guilty to attempted possession of a stabbing weapon by an inmate and was sentenced to three years in prison, consecutive to the sentence he was already serving. In 2023, the trial court dismissed his prior prison term enhancement pursuant to Penal Code[1] section 1172.75 and resentenced him to two years.

On appeal from the resentencing order, appellant's counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not filed a supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

On February 27, 2015, a felony complaint was filed in the Superior Court of Kern County charging appellant with count 1, inmate in willful possession of an inmate-manufactured stabbing weapon on or about January 24, 2014 (§ 4502), with prior conviction allegations.

On November 16, 2015, the trial court granted the prosecution's motion to amend the complaint to add count 2, attempted possession of an inmate-manufactured stabbing weapon (§§ 664/4502, subd. (a)). Appellant entered into a negotiated disposition, pleaded guilty to count 2, admitted one prior strike conviction for carjacking (§ 215, subd. (a)) in 2008 (§ 667, subd. (e)), and one prior prison term enhancement (§ 667.5, subd. (b)), with an indicated sentence of three years. The court dismissed count 1 and the remaining prior convictions.

On March 3, 2016, the trial court imposed the lower term of two years for count 2 plus one year for the prior prison term enhancement, to be served consecutively to the

---

[1] All further statutory citations to the Penal Code unless otherwise indicated.

sentence he was already serving in San Bernadino County case No. FVA701383.[2]  The court stated he was not entitled to any credits.

**Section 1172.75 Petition**

On September 18, 2023, the public defender's office filed a petition for the trial court to dismiss appellant's prior prison term enhancement pursuant to section 1172.75.[3]

On January 10, 2024, the trial court recalled appellant's sentence, dismissed the prior prison term enhancement pursuant to section 1172.75, and resentenced appellant to two years to be served consecutively to the sentence already imposed in case No. FVA701383.

Appellant addressed the trial court and stated he filed his petition in 2022, and his case should be dismissed because of the passage of time to rule on his petition.  The court denied his request because of the lack of prejudice.

On March 13, 2024, appellant filed a notice of appeal and requested a certificate of probable cause because the trial court failed to award credits.  The court denied his request because he was not entitled to credits since he was already serving a prison term in case No. FVA701383.[4]

---

[2]     In 2008, appellant was convicted in San Bernadino Superior Court case No. FVA701383 of two counts of carjacking (§ 215, subd. (a)) with prior conviction allegations found true, and sentenced to 28 years four months in prison.  The judgment was affirmed on direct appeal in *People v. Hugo Jose Lua* (April 3, 2009, E046053) [nonpub. opn.].

[3]     On January 13, 2025, this court ordered the trial court to augment the appellate record to include any document demonstrating the Secretary of the Department of Corrections and Rehabilitation (CDCR) identified appellant as a person who was potentially eligible for recall and resentencing under section 1172.75.  On January 14, 2025, the trial court filed a confidential augmented clerk's transcript with this court.  We find the instant matter is reviewable as taken from the denial of appellant's section 1172.75 petition for resentencing where CDCR identified him as a person potentially eligible for relief.

[4]     A criminal defendant cannot receive credit towards his sentence for a period of presentence time spent in custody, if during that same period the defendant was already

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court.  The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court.  By letter on October 21, 2024, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

serving a prison term for a prior unrelated offense.  (*In re Rojas* (1979) 23 Cal.3d 152, 154–156; *People v. Bruner* (1995) 9 Cal.4th 1178, 1188; § 2900.5, subd. (b).)