Filed 3/24/25  P. v. Ashley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDDIE ASHLEY,<br><br>Defendant and Appellant. | F087890<br><br>(Super. Ct. No. DF017464A)<br><br><br>OPINION |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael Caves, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Franson, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant and defendant Eddie Ashley (appellant) was serving time for an attempted murder conviction when he pleaded no contest to possession of marijuana in prison. The trial court initially denied his motion for presentence credits in the possession case, but subsequently granted his motion based on documents that showed his parole date for the attempted murder conviction had been recalculated to have occurred before he was found in possession of marijuana. Thereafter, the Department of Corrections and Rehabilitation (CDCR) advised the court that appellant was still serving the felony sentence at the time of the possession offense, and the court amended the abstract of judgment to remove the custody credits.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

### Los Angeles County Convictions

On February 4, 2010, appellant pleaded guilty in the Superior Court of Los Angeles County to attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)), and admitted gang (§ 186.22, subd. (b)(1)(C)) and great bodily injury enhancements (§ 12022.7 subd. (a)). He was sentenced to an aggregate term of 24 years based on the upper term of nine years for attempted murder, plus 10 years for the gang enhancement and three years for the great bodily injury enhancement; and a consecutive term of two years for assault (one-third the midterm).

---

[1] All further statutory citations are to the Penal Code.

2

On March 5, 2010, appellant was received at the CDCR on the felony commitment.

## Kern County Conviction

On December 20, 2021, appellant was found in possession of marijuana while a prisoner at Kern Valley State Prison.

On May 12, 2023, a complaint was filed in the Superior Court of Kern County that charged appellant with violating section 4573.6, unauthorized possession of controlled substances in prison, with two prior strike convictions based on his Los Angeles offenses.

### *Pleas and Sentencing*

On December 19, 2023, appellant remained in CDCR's custody, and pleaded no contest to an amended charge of violating section 4573.8, unauthorized possession of drugs while in prison, and admitted both prior strike convictions.

Appellant waived time and the trial court conducted the sentencing hearing. Appellant's counsel requested the court award custody credits because "he should be out on his other case for credit for time served." The court replied that appellant would start earning credits once he was sentenced in this case "as long as he's not serving any other term," but it did not have any documents to support appellant's claim that he completed serving his sentence in the attempted murder case. The court stated that if appellant has "done all his time, he should get credits for when he was ready to be released. He shouldn't lose any credits. That means if it was today, it's today. If it's a month from now, it's a month from now."

The trial court dismissed one prior strike conviction, imposed the second strike term of 32 months, and ordered the term to run fully consecutive to any other sentence imposed.

## Recalculation of Presentence Credits

On January 26, 2024, appellant's counsel advised the trial court that appellant had been resentenced in the Los Angeles case just prior to his sentencing in the possession case, but counsel did not have the paperwork to show that he should have received presentence custody credits. Counsel stated he intended to file a motion to recalculate credits when he received the documents.

On February 7, 2024, appellant filed a motion for the recalculation of presentence credits in the possession case. According to appellant's motion, he started serving his sentence of "fourteen (14) years" for attempted murder on March 5, 2010, and his original release date was March 5, 2024. Appellant's sentence in the attempted murder case "was recalculated whereby the maximum date of his incarceration was September 29, 2022. Once custody credits were added, his adjusted release date was May 19, 2021." When appellant was sentenced for the possession conviction, the trial court declined to impose credits because it did not have any official documents to show "he had been resentenced in his Los Angeles case and he believed he would be released shortly on the matter."

Appellant's motion was supported by counsel's declaration and documents from the Los Angeles case. Counsel declared that while appellant was still in CDCR's custody, he was resentenced in the Los Angeles case so that he would have been released on May 19, 2021, and he should receive custody credits from the day he committed the possession offense to sentence.

On March 6, 2024, the trial court held a hearing and stated that according to appellant's motion, CDCR recalculated that appellant's "out date" in the attempted murder case was May 19, 2021, he committed the drug possession offense on December 20, 2021, and he was entitled to credits. The court had ordered the probation department to produce a supplemental report to recalculate his custody credits. The

4

probation department, however, was unable to access CDCR's system to calculate credits, and recommended the court issue an order for CDCR to calculate appellant's custody credits.

Defense counsel requested presentence credits from the date of the possession offense, December 20, 2021, because there had been no other reason for appellant to remain in custody at that time.

The trial court stated it could either proceed with sentencing and award appellant 747 actual days of presentence credits, or continue the matter and order CDCR to verify and calculate custody credits. Defense counsel requested the court award the actual credits, and "[l]et CDCR do their thing" to calculate the good time/work time credits.

The trial court made a factual finding that appellant had 747 actual days of credit from December 20, 2021, through that day, and filed an amended abstract of judgment stating the recalculated credits.

**Correction of Abstract**

On March 20, 2024, CDCR informed the trial court there was an error in the amended abstract of judgment that awarded appellant 747 actual days of credit. CDCR stated appellant "was serving a term of incarceration in state prison" in the Los Angeles case, and he was "originally received by [CDCR] on March 7, 2010. The [drug possession] offense in this case … was committed on December 20, 2021. Therefore, as [appellant] was currently serving a period of incarceration[,] he is not entitled to credits on this case pursuant to *In re Rojas* (1979) 23 Cal.3d 152." CDCR requested the court to review the record to determine if the abstract should be corrected.

5

On April 2, 2024, the trial court filed another amended abstract of judgment reflecting appellant had zero custody credits in the Kern County case.[2]

On April 15, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On December 16, 2024, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2] "[A] defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration." (*In re Rojas*, *supra*, 23 Cal.3d at pp. 155–156; *People v. Shropshire* (2021) 70 Cal.App.5th 938, 946.)