Filed 10/13/25  In re Kramer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| In re ANDREW KRAMER,<br><br>on Habeas Corpus. | 2d Crim. No. B342109<br>(Super. Ct. No. BA435471)<br>(Los Angeles County) |

Andrew Kramer filed a petition for a writ of habeas corpus seeking to correct the award of presentence custody credit.  (Pen. Code, § 2900.5.)[1]

Following issuance of an order to show cause and formal briefing, the People and Kramer concede he is not entitled to presentence credit for the period of time between his federal and state sentencing hearings, but he is entitled to 43 days presentence

---

[1] All statutory references are to the Penal Code unless otherwise stated.

custody credit for time he was in custody prior to his federal sentencing hearing. We agree Kramer is entitled to the additional 43 days actual custody credit.

*FAUCTUAL AND PROCEDURAL BACKGROUND*

Kramer was arrested on April 16, 2013, for crimes perpetrated against the Lanning family. He was confined in the Los Angeles County Jail.

In 2015, while Kramer was confined in the county jail, federal prosecutors charged him with conspiracy to distribute marijuana. Kramer pled guilty and, on January 28, 2016, he was sentenced to 192 months, to be served concurrently with any sentence subsequently imposed by the state court.

On July 17, 2018, Kramer pled guilty in state court to two counts of stalking (§ 646.9, subd. (a)), six counts of arson of a structure (§ 451, subd. (c)), two counts of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and one count of attempted arson (§ 455). The same day, the superior court sentenced Kramer to state prison for 33 years and four months, to be served concurrently with the federal sentence.

Kramer was awarded 974 days of presentence custody credit for days actually served and 974 local conduct credit (§ 4019), for a total of 1948 days of presentence credit. This court noted in its prior opinion: "The actual number of days between [Kramer's] arrest on April 16, 2013 and his federal sentencing on January 28, 2016 is 1,017. It is unclear why he received 974 actual days of credit for that period." (*People v. Kramer* (July 27, 2021, B304830) [nonpub. opn.], review denied Oct. 13, 2021, S270688.) There are 43 days unaccounted for which Kramer did not receive presentence credit (1017 minus 974 equals 43). The People contend that during

2

this 43-day period Kramer was "transferred to federal jurisdiction for sentencing."

On October 22, 2024, Kramer filed a request in the superior court seeking to correct the calculation of actual custody credit under section 2900.5; he also sought an award of local conduct credit under section 4019. The superior court denied the motion.

Kramer then sought habeas relief in this court, renewing his claim for additional presentence credit. We issued an order to show cause why the relief prayed for in the petition should not be granted.

*DISCUSSION*

A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected at any time. (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 235.)

The sole issue is whether Kramer is entitled to additional presentence custody credit for the period he was in county jail between his arrest on April 16, 2013, and the imposition of his state sentence on July 17, 2018. (§ 2900.5.)

A convicted person shall receive credit against his sentence for all days spent in custody, including presentence custody. (§ 2900.5, subd. (a).) A defendant does not receive presentence credit for time spent in custody awaiting sentencing if he is already serving a term of incarceration during that same period. (*In re Rojas* (1979) 23 Cal.3d 152,155-156.) Thus, Kramer is not entitled to custody credit for his time in county jail if he had begun to serve his federal sentence after the federal sentencing hearing.

Attached to the People's return is a printout of the Public Information Inmate Data from the Federal Bureau of Prisons (BOP) showing the BOP designated January 28, 2016, the day Kramer

3

was sentenced in federal court, as the first day of his federal sentence.

The People contend that the time between Kramer's federal and state sentencing hearings, while Kramer was in state custody, he was serving his federal sentence and is not entitled to custody credit for that time. The People concede that the 43 days during which Kramer was transferred to federal jurisdiction, awaiting his federal sentencing hearing, was not designated by the BOP as federal custody and, therefore, Kramer is entitled to presentence credit for the 43 days.

Kramer agrees with the People. Kramer concedes that he has been credited by the BOP with the time between his federal and state sentencing hearings and, therefore, he is not entitled to custody credit for that time. He agrees with the People that he is entitled to 43 days of actual custody credit under section 2900.5 for the time he was in custody, for which he was not previously credited. He also requests 43 days of conduct credit under section 4019.

Kramer is not entitled to custody credit for his time in county jail after he began serving his federal sentence. The People have provided sufficient evidence that Kramer began serving his federal sentence on January 28, 2016, following his sentencing in federal court. The BOP has credited Kramer with the time Kramer was in county jail following his sentencing in federal court and awaiting sentencing in state court.

Kramer is, however, entitled to presentence credit for the period he was in custody between his arrest on April 16, 2013, and his federal sentencing on January 28, 2016. The actual number of days between Kramer's arrest and his federal sentencing is 1,017. He received 974 actual days of credit and 974 local conduct credit

4

for that period.  He is entitled to an additional 43 days of actual custody credit for the time he was transferred to federal jurisdiction, awaiting his federal sentencing hearing, as he remained in custody for that period.  (§ 2900.5.)  To the extent Kramer seeks 43 days of local conduct credit, Kramer has not shown he was "confined in or committed to a county jail, industrial farm, or road camp or a city jail, industrial farm, or road camp" during that period.  (§ 4019, subd. (a).)

*DISPOSITION*

Kramer's sentence is modified to reflect 1,017 days of custody credit (§ 2900.5).  The Superior Court of Los Angeles County is directed to amend the abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects the petition is denied.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

5

Ronald S. Coen, Judge
Superior Court County of Los Angeles
_____

Kristina L. Fox, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael Keller, Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Respondent.