Filed 5/1/26  P. v. Trinidad CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN GABRIEL TRINIDAD,<br><br>        Defendant and Appellant. | B347200<br><br>(Los Angeles County<br>Super. Ct. No. XCNBA347246) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed and remanded.

Monique Hemli-Muñoz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Juan Gabriel Trinidad appeals the trial court's order modifying his final judgment by eliminating his presentence

custody credits. The People agree, as do we, the trial court lacked jurisdiction to do so. We therefore reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Conviction and Direct Appeal

In 2010, while serving a 22-year prison term for manslaughter, Trinidad was convicted of three other crimes: assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a); count 1); resisting an executive officer (§ 69; count 2); and custodial possession of a weapon (§ 4502, subd. (a); count 3).

At sentencing, Trinidad admitted two prior convictions under the "Three Strikes" law: for robbery in 1997 (case No. MA013376) and voluntary manslaughter in 2007 (case No. MA028713). (§§ 667, subds. (b)–(i), 1170.12, subd. (b).)

The trial court sentenced Trinidad to 25 years to life as to each of the three counts to be served consecutively to each other (75 years to life) and consecutive to the 22-year sentence for the manslaughter conviction. The trial court awarded Trinidad a total of 759 custody credits: 507 actual credits and 252 local conduct credits.

The 2010 sentence was affirmed on direct appeal. (*People v. Sanchez* (July 11, 2011, B221712) [nonpub. opn.].)

### II. Three Strikes Reform Act Proceedings

After the enactment of Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126), Trinidad filed a petition for recall of sentence. In 2018, this court remanded the case to the superior court to determine whether to grant the petition as to count 2. (*People v. Trinidad* (Apr. 18, 2018, B281203) [nonpub. opn.].)

In 2021, the trial court granted the petition, and recalled, vacated, and set aside the 2010 sentence. It struck the prior strike

---

[1] Undesignated statutory references are to the Penal Code.

2

for robbery. It resentenced Trinidad for the three 2010 offenses to a total prison term of five years four months as follows: two years on count 1 (one-third the midterm, or one year, doubled for the strike); one year four months on count 2 (one-third the midterm); and two years on count 3 (one-third the midterm). (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e).) It ordered the sentence be served consecutively to the 22-year sentence for manslaughter. And the court ordered the same presentence custody credits as the original sentencing.

## III. First CDCR Letter

In November 2023, the California Department of Corrections and Rehabilitation (CDCR) informed the superior court by letter of two possible sentencing errors. First, the sentence for one of the three 2010 convictions had to be a full term consecutive sentence; second, because Trinidad was serving a prison term when he committed the instant offenses, he was not entitled to the original 759 days of presentence credits per *In re Rojas* (1979) 23 Cal.3d 152 (*Rojas*). The letter was signed by a correctional case records analyst on behalf of a correctional case records manager.

The trial court held a resentencing hearing in October 2024. Trinidad objected that the CDCR letter did not give the court jurisdiction to resentence him, but if the court determined otherwise, he should receive the same five years four months sentence imposed in 2021.

The trial court resentenced Trinidad to the same length sentence, calculated this time as follows: four years on count 3 (low term of two years, doubled for the strike); four years on count 1 (low term of two years, doubled) to run concurrently to count 3; and one year four months on count 2 (one-third the midterm, doubled) to run consecutive to count 3.

3

The trial court made no change to the calculation of custody credits. Trinidad did not appeal.

## IV.    Second CDCR Letter

In December 2024, the CDCR sent another letter. It noted again that the 759 presentence credits were unauthorized, again citing *Rojas*, and also that there was an inconsistency between the amended abstract of judgment, which reflected that count 2 was imposed consecutive to count 3, and the minute order, which indicated count 2 was concurrent to count 3. The letter was signed by the same correctional case records analyst on behalf of the same correctional case records manager.

Trinidad's counsel filed a resentencing memorandum, conceding the trial court could correct the clerical error by modifying the minute order to reflect the court's oral pronouncement that the sentence for count 2 was imposed to run consecutively. However, his counsel objected to any modification of the imposition of credits, arguing the trial court lacked jurisdiction to modify a judicial, rather than a clerical, error.

In May 2025, the trial court held a hearing in response to the second letter. Citing *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*), and acknowledging a split in authority, the court concluded as to the custody credits, it had jurisdiction to correct a sentence "void on its face."

The trial court therefore clarified count 2 was to be served consecutive to count 3, yielding a total sentence of five years four months (again, consecutive to the 22-year sentence for manslaughter), and by way of minute order dated June 5, 2025, it modified the judgment to eliminate the custody credits.

Trinidad timely appealed. (§ 1237, subd. (b); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

The question whether the trial court had jurisdiction to eliminate custody credits after a final judgment is a pure question of law we review de novo. (*People v. Camp* (2015) 233 Cal.App.4th 461, 467.)

Under the general common law rule, a trial court loses jurisdiction to resentence a criminal defendant once execution of the sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) While there are some exceptions to that rule, none justifies the court's elimination of Trinidad's custody credits.

A court has inherent power to correct a clerical error at any time. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) "Clerical error, however, is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*Ibid.*)

Here, the trial court's orders imposing the custodial credits in 2010, 2021, and again in 2024 were plainly judicial—not clerical—errors. (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63 (*Boyd*); see also *Rojas, supra,* 23 Cal.3d at p. 154.)

Section 1172.1, subdivision (a)(1) contains another exception to the rule. That statute provides the trial court may recall and resentence a defendant on its own motion, either within 120 days of the date of commitment or at any time if the applicable laws at the time of the original sentencing are changed, or at the request of various officials (including the secretary of the CDCR) or the

5

defendant, as long as "the new sentence, if any, is no greater than the initial sentence." (*Ibid.*)[2]

Section 1172.1, subdivision (a)(1) plainly does not apply here, because (1) it was not the CDCR secretary, but a records analyst, who sent the letter; (2) the sentencing was not within 120 days of the date of commitment; and (3) the request did not relate to a change of sentencing laws since the original sentencing. Moreover, the sentence was in fact greater than the original sentence. (*Codinha, supra,* 92 Cal.App.5th at p. 987 [letter came from a case records manager, not the secretary and did not reference § 1172.1 or use the terms recall or resentencing]; accord, *People v. Singleton* (2025) 113 Cal.App.5th 783, 791–792.)

The trial court premised its elimination of Trinidad's custody credits upon a different purported exception to the common law rule—namely, the trial court asserted jurisdiction to correct Trinidad's sentence under the "unauthorized sentence doctrine." (*Codinha, supra*, 92 Cal.App.5th at p. 988.) Under that doctrine, the *Codinha* court held, "[a] trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction requires imposition of a more severe sentence, provided the error is apparent from the face of the record." (*Id.* at p. 990.)

Here, the parties agree the better reasoned case is *People v. King* (2022) 77 Cal.App.5th 629 (*King*). In that case, another panel of this division held the "venerable notion" that an unauthorized

---

[2] While section 1172.1, subdivision (a)(1) has been amended over the past few years, these essential requirements have not changed during the time period relevant to this appeal.

sentence may be corrected at any time had been rejected by the Supreme Court in *In re G.C.* (2020) 8 Cal.5th 1119. (*King,* at p. 634.) In *G.C.*, the Supreme Court rejected the assumption in prior cases that the unauthorized sentence doctrine is an exception to the requirement a court must have jurisdiction over the allegedly void judgment. (*G.C.*, at pp. 1129–1130.) On the contrary, the Supreme Court held the unauthorized sentence doctrine is an exception to the waiver doctrine, in that a party does not forfeit the right to argue that a sentence is unlawful by failing to object in the trial court. It is not, however, an exception to the requirement of jurisdiction. (*Id.* at p. 1129; *King*, at p. 635.) Rather, in order to invoke the unauthorized sentence doctrine to remedy a judgment of conviction, the trial court must still have jurisdiction over the judgment. (*G.C.,* at p. 1130.)

The *King* court noted that although the issue in *G.C.* concerned appellate jurisdiction, the same rule governed a trial court's jurisdiction to modify a sentence. The unauthorized sentence doctrine, as a principle of waiver rather than jurisdiction, is not one of the few exceptions to the common law rule that a trial court loses jurisdiction to modify a sentence once it is in execution. (*King, supra,* 77 Cal.App.5th at pp. 636–637.)

*King*'s analysis of previous decisions showed that any statements to the contrary in earlier cases had been dicta or had been disapproved by the Supreme Court's ruling in *G.C.* (*King, supra,* 77 Cal.App.5th at pp. 637–639.) The *King* court noted this rationale was also supported by the fact a "freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief," as any such motion "must be attached to some ongoing action." (*Id.* at p. 640.) The same would be

7

true for a request to modify a sentence by the prosecution. (*Id.* at p. 641.)

While the *Codinha* court disagreed with the analysis in *King* (*Codinha, supra*, 92 Cal.App.5th at pp. 992–993), subsequent cases have followed *King*. In *Boyd,* for example, the court agreed *G.C.* firmly held the unauthorized sentence doctrine is an exception to the waiver doctrine, and none of the cases cited by the court in *Codinha* to support its more limited view of *G.C.* actually stood for the proposition jurisdiction was based on the unauthorized sentence doctrine. (*Boyd, supra*, 103 Cal.App.5th at p. 66; accord *People v. Garcia* (2025) 114 Cal.App.5th 139, 145–146; *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1123.)

We continue to agree with our prior analysis in *King*. Accordingly, we agree with the parties the trial court lacked jurisdiction to modify the sentence to eliminate Trinidad's presentence custody credits.

## DISPOSITION

The June 5, 2025 order is reversed insofar as it modified Trinidad's custody credits. That portion of the order is void. We remand for further proceedings consistent with this opinion, including issuance of an amended abstract of judgment.

RICHARDSON, J.

WE CONCUR:

CHAVEZ, Acting P. J.    GOORVITCH, J.*

---

\*      Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8